IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

BRUCE MONROE GREER, :
:
Plaintiff, :
:
v. : CASE NO. 4:18-cv-00021-CDL-MSH
:
EDWARD L AIKENS, *et al.*, :
:
Defendants. :
_____

## ORDER AND REPORT & RECOMMENDATION

The Court ordered the opening of this case on January 29, 2018. Order, ECF No. 1. Pending before the Court is Plaintiff's amended complaint (ECF No. 8) and motions seeking leave to amend that complaint (ECF Nos. 20, 26, 31), a temporary restraining order (ECF No. 30), a preliminary injunction (ECF No. 30), and an order to show cause (ECF No. 38). Defendants' motion to dismiss Plaintiff's complaint (ECF No. 32) is also pending. For the reasons explained below, Plaintiff's motions seeking leave to amend and a show cause order are denied, and it is recommended that his motions for injunctive relief be denied and Defendants' motion to dismiss his complaint be granted.

## BACKGROUND

### I. Factual Allegations

Plaintiff alleges that "since about March 7, 2016," the Georgia Department of Corrections ("GDC") has refused to provide adequate treatment for Plaintiff's hepatitis C infection in order to save money. Am. Compl. 5, ECF No. 8. Plaintiff alleges that after

waiting four months for treatment, he was prescribed Interferon by Defendant Harvey on November 1, 2016, which Plaintiff describes as a "dirt cheap" medicine with low efficacy and severe side effects. *Id*. at 6. Plaintiff claims he has two "absolute contraindications"—decompensated cirrhosis and a history of depression—which should preclude him from Interferon treatment. *Id*. at 5. Plaintiff also complains that he is confined at Rutledge State Prison and only provided specialty medical care at Augusta State Medical Prison ("ASMP") which requires a "[g]rueling 12 Hr. round trip[.]" *Id*. Plaintiff—sixty-six years old and suffering from herniated disc, gout, incontinence, and anxiety—cannot tolerate the ten-hour bus ride to ASMP. According to Plaintiff, the bus ride itself constitutes "cruel and unusual punishment." Br. in Supp. of Am. Compl. 4, ECF No. 8-1.

Plaintiff underwent a CAT scan at ASMP on November 1, 2016, after repeatedly requesting to be assessed for hepatitis. Br. in Supp. of Am. Compl. 3-4. At ASMP, Defendant Harvey assessed Plaintiff with hepatitis C and apparently indicated Plaintiff would be treated with Interferon. Plaintiff filed a grievance regarding his Interferon treatment on November 7, 2016. *Id*. at 4. The warden did not answer the grievance until May 18, 2017, and responded that "the prison does not decide what drug to use." *Id*. Plaintiff then appealed to Sharon Lewis, the Medical Director, and she determined that "medical personnel handled [the] case appropriately." *Id*.

Plaintiff further complains that his condition has worsened over the past few months. Br. in Supp. of Am. Compl. 6. In November 2017, Plaintiff went to the hospital to undergo emergency paracentesis. *Id*. During the procedure, several liters of fluid were removed from Plaintiff's abdomen which suggests that his cirrhosis is worsening and his

current treatment is ineffective. *Id.* Plaintiff claims that treatment by a hepatologist will only be provided at ASMP or in the case of an emergency. *Id.* This results in Plaintiff (1) experiencing a ten-hour bus ride or (2) having to wait until an emergency to receive treatment. He thus seeks to be treated locally and states he has a claim under the Americans with Disability Act.

## II. Procedural Background

This case was initiated pursuant to this Court's order in a previous suit which also involved Plaintiff. *Greer v. Corizon Health Inc.*, No. 4-17-CV-192-CDL-MSH (M.D. Ga. Jan. 29, 2019) (order granting Plaintiff's request to refile). Plaintiff's amended complaint in this case (ECF No. 8) followed three previous complaints regarding the same issues— the original complaint in the prior case (ECF No. 2) and amendments to it (ECF Nos. 2-1, 2-2). On April 13, 2018, the Court conducted a preliminary screening of Plaintiff's claims. (ECF No. 16).

His deliberate indifference claims against Defendant Aikens and Defendant "John Doe," conditions of confinement claims against Defendant Aikens, and Americans with Disabilities Act ("ADA") claims against Defendants Georgia Correctional Healthcare ("GCH") and the GDC were allowed to proceed. Order & R. & R. 1, ECF No. 16. The Court dismissed Plaintiff's Eight Amendment claims against GCH officials, his conditions of confinement claim against Defendant "John Doe," and his ADA claims against Defendants in their individual capacities. *Id*. at 1-2; Order, June 6, 2018, ECF No. 27. Defendants moved to dismiss Plaintiff's remaining claims on June 18, 2018, arguing Plaintiff failed to exhaust administrative remedies, failed to state a relievable claim, and

3

that they were immune to Plaintiff's claims. Mot. to Dismiss 1, ECF No. 32. Plaintiff was notified of Defendants' motion to dismiss (ECF No. 36). He responded by arguing that Defendants had "already defaulted pursuant to their June 18, 2018, deadline[]" and had "sent Plaintiff the wrong 'motion to dismiss.'" Pl.'s Resp. to Defs.' Mot. to Dismiss 1, ECF No. 40.

## DISCUSSION

**I.    Defendants' Motion to Dismiss**

A.    Failure to Exhaust

Defendants contend that Plaintiff's Eighth Amendment conditions of confinement claims based on his transportation to ASMP for treatment and GDC policy that necessitates that transportation should be dismissed because Plaintiff failed to exhaust the relevant administrative remedies. Specifically, they argue that "under [Plaintiff's] own version of the facts, Plaintiff did not exhaust the administrative remedies available to him . . . regarding his transport to ASMP." Br. in Supp. Mot. to Dismiss 5, ECF No. 32-1. The Court agrees with Defendants and recommends these claims be dismissed.

*1.    Exhaustion Standard*

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before

4

pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id*.

"The PLRA exhaustion requirement requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id*. at 91. Accordingly, "where an inmate's grievance fails to meet administrative deadlines or an existing exception to a timely filing requirement, his federal claim will be barred." *Tilus v. Kelly*, 510 F. App'x 864, 866 (11th Cir. 2013).

## 2. *Plaintiff's Failure to Exhaust*

Rutledge State Prison follows the GDC's Standard Operating Procedures ("SOPs") regarding grievances. Betterson Decl. ¶ 4-5, ECF No. 32-2. The SOPs mandate that an inmate must follow a two-step process in order to exhaust his remedies: (1) file an original grievance no later than ten days from the date of the incident giving rise to the grievance; and (2) file an appeal to the Central Office. *Id.* ¶ 8 & Attach. 1 at 9, ECF No. 32-3. A warden has forty calendar days within which to respond to an original grievance. *Id.* Attach. 1 at 12. An inmate may file an appeal after the warden issues a decision or after the time allowed for the warden to make his decision expires. *Id*. at 14. To successfully file an appeal, an inmate must fill out a Central Office Appeal Form, sign it, and give it to the appropriate counselor. *Id*. The Commissioner—or their designee—must deliver a decision on the appeal to the inmate within one-hundred calendar days of their receipt of it. *Id.* at 15.

All parties' submissions agree as to whether Plaintiff filed any grievance(s) regarding his transportation to ASMP and back to Rutledge State Prison. Plaintiff's original (ECF No. 2) and amended complaints (ECF No. 8) indicate he filed two grievances relevant to this suit—both concerning the manner of his medical treatment. Compl. 3, ECF No. 2; *see* Am. Compl. 3. Defendants state there "is no record, or recollection, or any other evidence, that [Plaintiff] filed grievances seeking to redress his concerns about transportation to and from ASMP." Betterson Decl. ¶ 22. Because the uncontested facts show that Plaintiff failed to properly and fully exhaust his available administrative remedies regarding his transportation to ASMP for treatment, it is clear at step one of the

6

exhaustion analysis that Plaintiff's related claims should be dismissed. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

B. Failure to State Relievable Claim

Defendants also contend that Plaintiff's deliberate indifference claims should be dismissed because his allegations, even assuming they are true, fail to "assert an unconstitutional medical indifference" by any Defendant. Br. in Supp. Mot. to Dismiss 10. Plaintiff has not responded to Defendants' contention. *See* Pl.'s Resp. to Defs.' Mot. to Dismiss 1. Because Plaintiff has, in fact, failed to allege unconstitutional deliberate indifference, the Court recommends these claims be dismissed.

"The Eighth Amendment's prohibition against cruel and unusual punishments protects a prisoner from deliberate indifference to serious medical needs." *Kuhne v. Fla. Dep't of Corr.*, 745 F.3d 1091, 1094 (11th Cir. 2014) (internal quotation marks and citations omitted). "[T]o prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). "Mere incidents of negligence or malpractice do not rise to the level of constitutional violations." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal quotation marks and citations omitted).

"A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

7

necessity for a doctor's attention." *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks and citation omitted). A hepatitis diagnosis is sufficient to establish an objectively serious medical need. *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004) (finding that hepatitis diagnosis constituted serious medical need); *see also Black v. Ala. Dep't Corr.*, 578 F. App'x 794, 795 (11th Cir. 2014) (per curiam) ("Although Hepatitis C often has no symptoms, chronic infection can lead to liver damage, cirrhosis, liver cancer, and liver failure."). After showing a serious medical need existed, a plaintiff must show that each named Defendant was deliberately indifferent to it. Doing so requires showing that a prison official had "subjective knowledge of a risk of serious harm" and "disregard of that risk . . . by conduct that is more than mere negligence." *Brown*, 387 F.3d at 1351 (citation omitted).

The Eleventh Circuit differentiates between deliberate indifference claims based on a "total lack of treatment" and those based on a refusal "to give [a plaintiff their] desired treatment." *See Mitchell v. Nobles*, 873 F.3d 869, 874 (11th Cir. 2017). The provision of "grossly inadequate" medical care is grounds for a deliberate indifference claim but, "[a] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" is not. *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999); *Harris*, 941 F.2d at 1505 (11th Cir. 1991). Even where prison officials may have shown negligence in choosing one course of treatment over another, a plaintiff's "disagreement with the course of treatment employed fails to support an inference that Defendants acted with disregard for the harm posed to Plaintiff by Hepatitis C." *Loeber v. Andem*, 487 F. App'x 548, 549 (11th Cir. 2012).

Plaintiff's claims for deliberate indifference are based on his preference of one course of treatment over another. He contends he was diagnosed with hepatitis C and Defendants showed deliberate indifference to his serious medical need—treatment for that diagnosis—by prescribing him "Interferon" rather than "Harvoni" to treat it. Am. Compl. 3-4. He claims Interferon is "outdated" and "inferior" to Harvoni. *Id*. at 5. Because they are based on Plaintiff's preference for one course of treatment over another and fail to show a lack of adequate treatment, it is recommended that Plaintiff's deliberate indifference claims be dismissed.

## II. Motions to Amend

Plaintiff has filed several motions to amend his already amended complaint. (ECF Nos. 20[1], 26, 31). After the window for amendment as a right has closed a party may still amend its pleading with either the opposing party's written consent or "the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), courts are to "freely give leave [to amend] when justice so requires." *Id*. A "proposed amendment may be denied [as futile] when the complaint as amended would still be properly dismissed." *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

Because Plaintiff has amended his complaint once as a matter of course and has not received the opposing party's written consent for further amendment, the Court's leave is required to allow his proposed amendments. *See* Fed. R. Civ. P. 15(a). The Court finds that Plaintiff's proposed amendments would be futile, as none would alleviate the

---

[1] This submission is entitled "Motion to Include Section 504 of the Rehabilitation Act" but is construed as a motion for leave to amend. Mot. to Amend 1, May 16, 2018, ECF No. 20.

9

foundational flaws explained above. Accordingly, Plaintiff's motions to amend his complaint are denied.

## III. Plaintiff's Other Motions

### A. Motions for Injunctive Relief

Plaintiff has moved for a temporary restraining order ("TRO") and preliminary injunction (ECF No. 30). He asks the Court to enter "an order lifting the 'emergency' requirement" for local medical care. Mot. for TRO & Prelim. Inj.

The standard for obtaining a temporary restraining order ("TRO") is identical to that for obtaining a preliminary injunction. *See Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010). Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted).

Here, Plaintiff cannot show a substantial likelihood of success on the merits. Further, granting Plaintiff's sought relief would require deviating from the established practice of giving prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Therefore, it is recommended that Plaintiff's motions for a TRO and preliminary injunction (ECF No. 30) be denied.

B.  Motion for Show Cause Order

On June 18, 2018, Plaintiff signed a motion asking the Court to "order Defendants to answer or file a motion in response." Mot. for Show Cause Order, ECF No. 38. Defendants filed their motion to dismiss Plaintiff's complaint that same day (ECF No. 32). The Court notified Plaintiff of Defendants' motion on June 21, 2018 (ECF No. 36). Plaintiff's motion seeking an order directing Defendants to answer his complaint or file a responsive motion is denied.

**CONCLUSION**

For the reasons explained above, it is recommended that Defendants' motion to dismiss Plaintiff's complaint (ECF No. 32) be granted and Plaintiff's claims dismissed. It is also recommended that Plaintiff's motions for a TRO and preliminary injunction (ECF No. 30) be dismissed. Finally, Plaintiff's motions seeking leave to amend his complaint (ECF Nos. 20, 26, 31) and a show cause order (ECF No. 38) are denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report

and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 11th day of February, 2019.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE